# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN WILEY & SONS, INC., THE McGRAW-HILL COMPANIES, INC., PEARSON EDUCATION, INC., and CENGAGE LEARNING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>EDUARDO RIVANDENEYRA; THERESE HODDY; THOMAS HODDY; SALLY WHITE-RIVANDENEYRA-CARDENAS; SERGIO RIVANDENEYRA; MARIO FIGALLO RIVANDENEYRA; INVERSIONES LINARIAS; FIRST CLASS CLUB, SAC; INTER-EXPRESS FORWARDING, INC.; AMERITEXT; LIBRO TEXTO; PHOENIX IE, INC.; ACADEMIC EXPRESS; SINCLAIR BARGAIN BOOKS; QUALITY BOOKS; S&S RESOURCES; and DOES 1-10,<br><br>Defendants. | Civil Action No. 2:13-cv-01085-FSH<br><br>**MOTION TO DISMISS RETURNABLE JULY 1, 2013** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EDUARDO RIVANDENEYRA, THERESE HODDY, THOMAS HODDY, INTER-EXPRESS FORWARDING, INC., ACADEMIC EXPRESS, QUALITY BOOKS, AND PHOENIX IE, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Thomas J. O'Grady
GOLDBERG SEGALLA LLP
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
(609) 986-1300
*Attorneys for Defendants Eduardo
Rivadeneyra, Therese Hoddy,
Thomas Hoddy, Inter-Express
Forwarding, Inc., Academic Express,
Quality Books, and Phoenix IE, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................3

LEGAL STANDARD............................................................................................................8

LEGAL ARGUMENT ...........................................................................................................9

I.      Plaintiffs' Fraud Claim Should Be Dismissed for Failure to Plead
        Fraudulent Conduct With the Specificity Required by Rule 9(b).........................9

II.     Plaintiffs' Copyright Infringement Claim Should Be Dismissed For Failure To
        Plead with Requisite Specificity ...........................................................................16

III.    All Claims Based on Alleged "Counterfeiting" Should Be Dismissed Because
        They Sound In Fraud And Are Subject to Rule 9, or Because They Are
        Insufficiently Pled Under The Standard *Twombly* Analysis................................18

        CONCLUSION......................................................................................................21

## TABLE OF AUTHORITIES

### CASES

*Ackerman v. Northwestern Mut. Life. Ins. Co.*, 172 F.3d 467 (7th Cir. 1999) ...................................9

*In re American Travellers Corp. Sec. Litigation*, 806 F. Supp. 547  (E.D.Pa. 1992).......................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)...................................................................1, 8, 9, 18, 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................................1, 2, 8, 18, 20

*Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003).....................................................................................................16

*Cal. Pub. Emples' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004).....................................19

*Calloway v. Marvel Entertainment Group*, 1983 U.S. Dist. LEXIS 15688, 1983 WL 1141 (S.D.N.Y. July 5, 1983) ..........................................................................................................17

*DiMaggio v. International Sports Ltd.*, 1998 U.S. Dist. LEXIS 13468 (S.D.N.Y. Aug. 31, 1998) .......................................................................................................................................16

*Drobnak v. Anderson Corp.*, 561 F.3d 778 (8th Cir. 2009).............................................................15

*Duraport Realty Three, LLC v. Trinity Products, Inc.*, 2013 U.S. Dist. LEXIS 27533 (D.N.J. 2013).........................................................................................................................14, 15

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)...............................................................8

*Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997)..................................................................10

*Gray v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 48181 (D.N.J. 2009)................................................19

*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985) ..................................16

*Kennilworth Partners L.P. v. Cendant Corp.*, 59 F. Supp. 2d 417 (D.N.J. 1999)............................11

*Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic*, 1999 U.S. Dist. LEXIS 15837 (S.D.N.Y. Oct. 13, 1999) .................................................................................................16

*Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004)...................................................................15

*Mariotti v. Mariotti Bldg. Prods.*, 2013 U.S. App. LEXIS 8610 (3d Cir. 2013) .............................4

*Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000)...................................................16

*Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F. Supp. 2d 494  (D.N.J. 1999) ............9

*Ouaknine v. MacFarlane*, 897 F.2d 75 (2d Cir. 1990) ....................................................10

*Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991) ........................................................19

*Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039 (D.N.J. 1993) .............................................11

*Rodi v. Southern New Eng. Sch. of Law*, 532 F.3d 11 (1st Cir. 2008)...............................................15

*Stampone v. Stahl*, 2005 WL 1694073 (D.N.J. July 19, 2005)...........................................16

*Synder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428 (D.N.J. 2011)................................................10

*Wexner v. First Manhattan Co.*, 902 F.2d 169 (2d Cir. 1990)...........................................10

*Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295 (D.N.J. 2005) ...............................................15

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(a) .........................................................................................................19

Fed. R. Civ. P. 9(b) ........................................................................................................1, 9,
10, 15, 18, 19, 20

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………….1, 20, 21

**PRELIMINARY STATEMENT**

Defendants, Eduardo Rivadeneyra, Therese Hoddy, Thomas Hoddy, Inter-Express Forwarding, Inc., Academic Express, Quality Books, and Phoenix IE, Inc. (jointly referenced as the "Moving Defendants") file this memorandum of law in support of their Motion to Dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs' Amended Complaint (which includes a claim for common law fraud) should be dismissed because, while it is apparent that the crux of the Amended Complaint is the plaintiff publishers' assertion that the defendants are undercutting their sales of textbooks, the pleading does not set forth viable legal claims but, rather, merely states largely amorphous allegations bereft of requisite specificity. Instead of identifying particular actions of each of the fifteen named defendants and what their connection is to each of the plaintiffs, the four plaintiffs improperly attempt to lump their allegations – concerning separate transactions – together against the defendants.

While this is fatal to their pleading as a whole under the standards enunciated by the United States Supreme Court in *Twombly* and *Iqbal*, it is particularly egregious when considered with the higher pleading standard governing claims based upon alleged fraud. Plaintiffs are not permitted to run an "end around" of Rule 9 by alleging in conclusory fashion that the defendants are acting in concert to commit fraud. To the contrary, Rule 9 requires Plaintiffs to set forth specific factual allegations (who, what, when, where and how).

The Amended Complaint also includes a claim of copyright infringement, which is similarly required to be pled with some injectment of specificity, which is utterly lacking here.

Finally, notwithstanding the fact that none of the claims satisfy even the *Twombly* standard, when the Amended Complaint is read as a whole, it appears that by virtue of its ambiguity Plaintiffs are impermissibly attempting to buffer their non-fraud claims with the underlying, core theme of fraud, and therefore all of the claims should be measured by Rule 9.

In summary, Plaintiffs' Amended Complaint should be dismissed for failing to plead their claims with requisite specificity.

## STATEMENT OF FACTS

Four plaintiffs – John Wiley & Sons, Inc. ("Wiley"), The McGraw-Hill Companies, Inc. ("McGraw-Hill"), Pearson Education, Inc. ("Pearson"), and Cengage Learning, Inc. ("Cengage") – filed the subject Amended Complaint against the seven Moving Defendants, (Eduardo Rivadeneyra ("E. Rivadeneyra"), Therese Hoddy, Thomas Hoddy, Inter-Express Forwarding, Inc. ("Inter-Express"), Academic Express ("Academic"), Quality Books ("Quality"), and Phoenix IE, Inc. ("Phoenix")), as well as eight other named defendants (Inversiones Linarias ("Inversiones"), First Class Club, SAC ("FCC"), Ameritext, Libro Texto, Sinclair Bargain Books, Sally White-Rivadeneyra-Cardenas ("Cardenas"), Mario Figallo Rivadeneyra ("Figallo"), and Sergio Rivadeneyra), plus fictitiously named defendants.

While at times the Amended Complaint references all defendants as "Defendants", it also defines two groups of defendants, the "Rivadeneyra Defendants" and the "Counterfeiting Defendants."  Specifically, the Rivadeneyra Defendants are listed as:  E. Rivadeneyra, Therese Hoddy, Thomas Hoddy, Figallo, Inversiones, FCC, Inter-Express, Ameritext, Quality, Academic, Sinclair Bargain Books, and Phoenix.[1]  The Counterfeiting Defendants are listed as:  E. Rivadeneyra, Therese Hoddy, Sergio Rivadeneyra, and Cardenas.[2]

The Amended Complaint contains eight purported causes of action. The first seven are stated as against the Counterfeiting Defendants and the last cause of action (fraud) is limited to the Rivadeneyra Defendants.  The causes of action pled are: Copyright Infringement under 17 U.S.C. §§ 101 *et seq.* (Count One); Infringement of

---

[1] Am. Compl., ¶ 35.
[2] Am. Compl., ¶ 44.

Federally-Registered Trademarks under 15 U.S.C. § 1114 (Count Two); Trademark Counterfeiting under 15 U.S.C. § 1114(1)(a) (Count Three); Trafficking in Counterfeit Documentation or Labels under 18 U.S.C. § 2318 (Count Four); Illegal Importation of Goods Bearing Infringing United States Trademarks or Names under 15 U.S.C. § 1124 and 19 U.S.C. § 1526 (Count Five); Trademark Dilution in Violation of 15 U.S.C. § 1125(c) (Count Six); Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a) (Count Seven); and Fraud (Count Eight).

The disposition of this motion obviously involves thorough examination of the Amended Complaint; however, Moving Defendants summarize the pleading herein as opposed to unnecessarily repeating large portions of the Amended Complaint *verbatim*.[3]

Plaintiffs' introductory paragraph of the Amended Complaint prefaces that the allegations are made "on personal knowledge as to matters relating to themselves, <u>and on information and belief as to all other matters. . . .</u>" (Emphasis added.)

Plaintiffs are leading educational publishers in the world.[4]  They base this lawsuit on two general claims. First, they claim that "Defendants, through their mastermind, [E. Rivadeneyra], are engaged in massive fraud to obtain textbooks from Plaintiffs at dramatically discounted pricing that is otherwise only made available to individuals and companies that distribute textbooks within developing nations."[5]  Second, they claim that "Defendants also purchase, import and distribute counterfeit textbooks in the United

---

[3] Nothing in this recitation of facts should be considered an admission or concession. Rather, the recitation is made in accordance with the rule that, on a motion under Rule 12(b)(6), the Court is to accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the Plaintiff. *See Mariotti v. Mariotti Bldg. Prods.*, 2013 U.S. App. LEXIS 8610 at *6 (3d Cir. 2013).
[4] Am. Compl., ¶ 1.
[5] Am. Compl., ¶ 2.

States … violating Plaintiffs' copyrights and trademarks resulting in harm to Plaintiffs and consumers."[6]

After identifying the parties, the Amended Complaint includes a "General Allegations" section in which Plaintiffs provide background information related to their textbook publication operations, and identify their registered copyrighted works and trademarks.[7]

Plaintiffs then allege, in the "Defendants' Business Operations" section, that the "Defendants" are in the business of buying and selling educational textbooks and, generally, that Defendant E. Rivadeneyra conducts business through the Rivadeneyra Defendants to deceptively obtain textbooks at discounts and subsequently sell them in the United States.[8]

The following section of the Amended Complaint ("Defendants' Fraud Against the Plaintiffs") contains the only paragraph of the entire Amended Complaint in which some factual details are alleged. Specifically, at ¶ 40 the Plaintiffs reference four transactions:

    a.   It is alleged that in May 2011, Defendant E. Rivadeneyra falsely represented himself to Plaintiff Cengage as Richard Sinclair of Sinclair Bargain Books, owning a chain of bookstores in Jamaica. Cengage sold textbooks to Defendant Sinclair Bargain Books, who sold the books to Defendant Ameritext, who, "with the participation of Defendants Thomas Hoddy and Therese Hoddy," sold to customers in the United States.[9]

---

[6] Am. Compl., ¶ 3.
[7] *See* Am. Compl., ¶¶ 26-32.
[8] *See* Am. Compl., ¶¶ 33-36.
[9] *See* Am. Compl., ¶ 40a.

b.  It is alleged that in May 2012, Defendant E. Rivadeneyra, "in conjunction with Defendant [Figallo]," represented to Plaintiff Wiley that the final destination of all textbooks ordered by Defendant FCC was Peru.  Wiley sold textbooks to defendant FCC, who never shipped the textbooks to Peru but rather sold them to Defendant Inversiones "which sold them to Defendant Academic Express and shipped by Defendant Inter-Express Forwarding to customers in Hong Kong."[10]

c.  It is alleged that in April 2011 Defendants E. Rivadeneyra and Therese Hoddy falsely represented to Plaintiff McGraw-Hill that they were Defendant Sinclair Bargain Books with retail outlets in Jamaica and that they were targeting universities in Jamaica, Trinidad and Barbados.  "In May 2012, Defendant [E. Rivadeneyra], again as 'Richard Sinclair,' falsely represented to McGraw-Hill that he was handing off the book sales and distribution of his 'family business' to his colleague 'Terrie Hoddy,' who would continue doing business in the name of Jamaica Bargain Books, but would retain the same shipper, Defendant Inter-Express Forwarding.  McGraw Hill relied on these misrepresentations and sold books to Defendants [E. Rivadeneyra], Therese Hoddy, Dream River Productions, and Sinclair Bargain Books at deep discounts for sale in Jamaica."[11]

d.  In July 2011 Defendant E. Rivadeneyra advised plaintiff McGraw Hill that it would be merging Defendant Libro Texto with Defendant FCC and that they would be undertaking a regional project in Peru.  In November 2011, through

---

[10] *See* Am. Compl., ¶ 40b.
[11] *See* Am. Compl., ¶ 40c.

a series of emails, the "Rivadeneyra defendants" represented to McGraw Hill that it wanted to purchase textbooks for customers in Peru, Ecuador, Argentina, Chile and the surrounding countries.  Instead of selling in those countries, the "Rivadeneyra defendants" sold them to Defendant Quality Books who, in turn, sold them to customers in the United States.  In August 2012, the "Rivadeneyra defendants" falsely informed McGraw Hill that the books had been sold in Peru and requested more of the same titles to "'replenish their supply.'" As a result, McGraw Hill sold textbooks to FCC at discounted prices.[12]

Finally, in the "Importation And Sale of Counterfeit Books" section, Plaintiffs state by way of vague and conclusory allegations that the "Counterfeiting Defendants … purchased, sold, and/or distributed counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks.[13]

At end, filtering out all of the conclusory allegations lumped against the defendants, Plaintiffs have failed to state any actionable claim against the Moving Defendants.

---

[12] *See* Am. Compl., ¶ 40d.
[13] *See* Am. Compl., ¶¶ 44-52.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss, the Court is to accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the Plaintiff. *See Mariotti v. Mariotti Bldg. Prods.*, 2013 U.S. App. LEXIS 8610 at *6 (3d Cir. 2013). However, "threadbare recitals of a cause of action, supported by mere conclusory statements," will not raise a complaint above the bar of a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. The complaint must provide factual allegations sufficient to give each defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

In the wake of the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has set forth a two part analysis that courts must conduct when presented with a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts must separate the factual and legal elements of a claim. *See id*. Second, after ignoring all legal conclusions, courts must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. Alleged facts that permit the inference of only the *possibility* of misconduct are insufficient to state a claim. *Id*.

(quoting *Iqbal*, 129 S. Ct. at 1949) (emphasis added).  Such facts must *show* that the pleader is entitled to relief under the framework of the Federal Rules of Civil Procedure. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949) (emphasis added).

In addition to standard pleading requirements, the heightened bar of Federal Rule of Civil Procedure 9(b) is applicable to claims for fraud.  Rule 9(b), of course, requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake."  Fed. R. Civ. P. 9(b).  "Rule 9(b)'s purpose is to provide defendants with notice of the precise misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior." *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F. Supp. 2d 494, 511(D.N.J. 1999).

The rationale underlying Fed. R. Civ. P. 9(b) is described as follows:

> By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate.

*Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

As discussed below, Plaintiffs have not met these standards.

## LEGAL ARGUMENT

I.  **Plaintiffs' Fraud Claim Should Be Dismissed For Failure To Plead Fraudulent Conduct With The Specificity Required By Rule 9(b)**

Plaintiffs' fraud claim should be dismissed because, instead of pleading facts supporting the elements of the claim with specificity, they: 1) impermissibly lump together all (or groups) of the named defendants with various allegations made universally by the four plaintiffs; and 2) fail to plead the "who, when, where, what and

how" details.   *See, e.g., Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 450 (D.N.J. 2011) ("Even assuming that the defendants engaged in wrongdoing, Plaintiff lumps all three defendants together as having engaged in wrongful conduct without specifying which defendant was responsible for which actions. Such allegations are insufficient to place Defendants on notice of the fraudulent conduct with which they are charged.").

In New Jersey, a successful claim of fraud requires proof of five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).   Although Rule 9(b) permits conditions of the mind to be alleged generally, it does not sanction the speculative "collective guilt" inference Plaintiff apparently seek here.

> While it is true that Rule 9(b) allows scienter to be averred generally, plaintiffs must provide some factual basis for conclusory allegations of knowledge or intent. *See e.g. Ouaknine v. MacFarlane*, 897 F.2d 75, 81 (2d Cir. 1990). The ability to plead scienter generally "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). Allegations which by themselves indicate nothing more than innocent mistake or mismanagement cannot be transformed into a claim for fraud merely by asserting that plaintiffs "knew" that their predictions were inaccurate.

*In re American Travellers Corp. Sec. Litigation*, 806 F. Supp. 547, 554 (E.D.Pa. 1992).

In this case, throughout the Amended Complaint the Plaintiffs improperly use the term "Defendants" and or "Rivadeneyra Defendants" (which includes all seven of the Moving Defendants and others) to loosely allege fraud as to each of them.   *See*

*Kennilworth Partners L.P. v. Cendant Corp.*, 59 F. Supp. 2d 417, 428-29 (D.N.J. 1999) (a plaintiff cannot "merely lump together all defendants without specifically stating what role the . . . defendants had in the alleged fraud and how that role was carried out."); *Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1060 (D.N.J. 1993) (Multiple defendants cannot be lumped together and charged with fraud, rather, the complaint must inform each defendant of the specific fraudulent acts which form the basis of the claim against the particular defendant.).

Significantly, Plaintiffs' allegation that the "Defendants" are "engaged in a massive fraud" must be juxtaposed with the fact that only <u>one</u> paragraph of the entire Amended Complaint contains any semblance of a non-conclusory pleading. And, even then, further examination of Paragraph 40 reveals that Plaintiffs are attempting to indict the universally accused "Defendants" with only a scarcity of factual allegations, limited to four transactions:

    a.  It is alleged that in May 2011, Defendant E. Rivadeneyra falsely represented himself to Plaintiff Cengage as Richard Sinclair of Sinclair Bargain Books, owning a chain of bookstores in Jamaica. Cengage sold textbooks to Defendant Sinclair Bargain Books, who sold the books to Defendant Ameritext, who, "with the participation of Defendants Thomas Hoddy and Therese Hoddy," sold to customers in the United States.[14]

    b.  It is alleged that in May 2012, Defendant E. Rivadeneyra, "in conjunction with Defendant [Figallo]," represented to Plaintiff Wiley that the final destination of all textbooks ordered by Defendant FCC was Peru. Wiley sold textbooks to defendant FCC, who never shipped the textbooks to Peru but

---

[14] *See* Am. Compl., ¶ 40a.

rather sold them to Defendant Inversiones "which sold them to Defendant Academic Express and shipped by Defendant Inter-Express Forwarding to customers in Hong Kong."[15]

c.  It is alleged that in April 2011 Defendants E. Rivadeneyra and Therese Hoddy falsely represented to Plaintiff McGraw-Hill that they were Defendant Sinclair Bargain Books with retail outlets in Jamaica and that they were targeting universities in Jamaica, Trinidad and Barbados.  "In May 2012, Defendant [E. Rivadeneyra], again as 'Richard Sinclair,' falsely represented to McGraw-Hill that he was handing off the book sales and distribution of his 'family business' to his colleague 'Terrie Hoddy,' who would continue doing business in the name of Jamaica Bargain Books, but would retain the same shipper, Defendant Inter-Express Forwarding.   McGraw Hill relied on these misrepresentations and sold books to Defendants [E. Rivadeneyra], Therese Hoddy, Dream River Productions, and Sinclair Bargain Books at deep discounts for sale in Jamaica."[16]

d.  It is alleged that in July 2011 Defendant E. Rivadeneyra advised plaintiff McGraw Hill that it would be merging Defendant Libro Texto with Defendant FCC and that they would be undertaking a regional project in Peru.   In November 2011, through a series of emails, the "Rivadeneyra defendants" represented to McGraw Hill that it wanted to purchase textbooks for customers in Peru, Ecuador, Argentina, Chile and the surrounding countries. Instead of selling in those countries, the "Rivadeneyra defendants" sold them

---

[15] *See* Am. Compl., ¶ 40b.
[16] *See* Am. Compl., ¶ 40c.

to Defendant Quality Books who, in turn, sold them to customers in the United States.   In August 2012, the "Rivadeneyra defendants" falsely informed McGraw Hill that the books had been sold in Peru and requested more of the same titles to "'replenish their supply.'" As a result, McGraw Hill sold textbooks to FCC at discounted prices.[17]

Careful examination of the above allegations reveals that, although they may tell a story, they are patently insufficient to satisfy Rule 9(b), for numerous reasons.

Tellingly, as an initial matter, despite being one of the four named plaintiffs, not once is Plaintiff Pearson identified in these events.

With regard to the first incident described (¶ 40a), the only parties allegedly involved are Plaintiff Cengage and Defendants E. Rivadeneyra, Sinclair Bargain Books, Ameritext, Thomas Hoddy, and Therese Hoddy.  However, no false representations are attributed to any defendant except E. Rivadeneyra.  Rather, it is merely asserted that books were sold to Defendant Sinclair Bargain Books, who sold the books to Defendant Ameritext, who, "with the participation of Defendants Thomas Hoddy and Therese Hoddy," sold to customers in the United States.  Furthermore, without specifics it is alleged that E. Rivadeneyra falsely represented himself as Richard Sinclair.

With regard to the second incident (¶ 40b), the parties allegedly involved were Plaintiff Wiley and Defendants E. Rivadeneyra, Figallo, Inversiones, FCC, Academic and Inter Express. Again however, no false representations are attributed to Defendants Inversiones Linares, First Class Club, Academic Express and Inter Express Forwarding. Rather, it is only ambiguously alleged that E. Rivadeneyra "in conjunction with defendant Figallo Rivadeneyra" made a false representation.

---

[17] *See* Am. Compl., ¶ 40d.

With regard to the third incident (¶ 40c), the only parties specifically identified are Plaintiff McGraw-Hill and defendants E. Rivadeneyra, Therese Hoddy, and Sinclair Bargain Books.  No false representations are attributed to defendant Sinclair Bargain Books.  Additionally, no particulars are pled as to how E. Rivadeneyra and Therese Hoddy allegedly falsely represented that they were operating as Sinclair Bargain Books.

With regard to the fourth incident (¶ 40d), the specific parties referenced in connection with this transaction are Plaintiff McGraw-Hill and Defendants E. Rivadeneyra, Libro Texto, FCC, and Quality.  Yet, no specific false representations are attributed to any one defendant.  Instead it is alleged that false representations were made by the "Rivadeneyra defendants" (defined elsewhere in the Amended Complaint as E. Rivadeneyra, Therese Hoddy, Thomas Hoddy, Figallo Rivadeneyra, Inversiones Linares, First Class Club, Academic Express, Inter Express Forwarding, Ameritext, Sinclair Bargain Books, Quality Books, Libro Texto, and Phoenix IE).

Thus, in the only paragraph of the Amended Complaint in which Plaintiffs attempt to plead facts, Plaintiffs do not even make a connection between each of the defendants and each of the plaintiffs, much less provide the specific details of each particular defendant's alleged fraudulent conduct in order to plead the five required elements of fraud.   It appears that the assertions in paragraph 40 are actually legal conclusions cast in the form of facts.

Recently, in *Duraport Realty Three, LLC v. Trinity Products, Inc.*, 2013 U.S. Dist. LEXIS 27533 (D.N.J. 2013), Judge Dennis Cavanaugh dismissed a fraud claim based on the long-standing rule that a valid fraud claim must specify "the who, what, when, where and how" regarding the fraudulent statements and that the subject complaint

14

failed to "identify who made what alleged misrepresentation to whom or when, where or the method of communication by which the alleged representation was made." *Id.* at *8-9. *See, also, Lum v. Bank of America*, 361 F.3d 217, 224 (3d. Cir. 2004) (allegations of misrepresentation of fraud must include who made the misrepresentation and to whom.)

Likewise, in this case, Plaintiffs' Amended Complaint is replete with only general, vague and conclusory allegations (as opposed to who, what, when and how details), and is therefore insufficient under Fed. R. Civ. P. 9(b). *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) ("[A] complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. . . . In other words, the complaint must plead the who, what, where, when, and how of the alleged fraud.") (quotation omitted); *See also Rodi v. Southern New Eng. Sch. of Law*, 532 F.3d 11 (1st Cir. 2008).

Notably, the introductory paragraph of the Amended Complaint provides that the allegations are made "on personal knowledge as to matters relating to themselves, and on information and belief as to all other matters . . .."[18] As a general matter, fraud predicates stated "on information and belief" are insufficient for purposes of Rule 9(b). *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 314 (D.N.J. 2005).

In summary, Plaintiffs have failed to plead particulars and or assert distinct claims as to each of the Moving Defendants, as is necessary. They have impermissibly lumped together the fifteen defendants with the four plaintiffs and their largely non-specific

---

[18] Am. Compl., p. 2.

allegations.  Accordingly, their claim based on common law fraud (Count Eight) should be dismissed.

## II.     Plaintiffs' Copyright Infringement Claim Should Be Dismissed For Failure To Plead With Requisite Specificity

Plaintiffs' claim based on copyright infringement should be dismissed for, essentially, the same reason that their fraud claim fails.  That is, their vague and overbroad allegations lack the factual and or legal detail necessary to support the elements of a copyright claim against the Moving Defendants.[19]

To establish infringement, two elements must be proven: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.  *Harper & Row, Publishers, Inc.* v. *Nation Enterprises*, 471 U.S. 539, 548 (1985).

Plaintiffs have the burden to allege with specificity the acts by which the defendants has infringed upon plaintiffs' copyrights.  *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000); *DiMaggio v. International Sports Ltd.*, 1998 U.S. Dist. LEXIS 13468 at *4-5 (S.D.N.Y. Aug. 31, 1998); *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967 at *3 (S.D.N.Y. Feb. 11, 2003); *Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic*, 1999 U.S. Dist. LEXIS 15837 at *8, 12 (S.D.N.Y. Oct. 13, 1999); *Stampone v. Stahl*, 2005 WL 1694073 at *2 (D.N.J. July 19, 2005).  This pleading requirement compels plaintiffs to allege with specificity all facts supporting each element of its claim, including the time of the alleged infringement and by what manner the defendant committed the alleged infringement.  *Id.*

---

[19]  Because the Amended Complaint states that the claim is brought against the Counterfeiting Defendants, E. Rivadeneyra and Therese Hoddy are the only Moving Defendants subject to the claim.

As discussed in Point I, *supra*, in this matter only one paragraph of the Amended Complaint contains some, albeit insufficient, factually detailed allegations, and that paragraph purportedly pertains to the claim of fraud.[20]  Moreover, that paragraph lacks critical specific information needed to constitute fair notice for Defendants to respond to the allegations.  First, none of Plaintiffs' "specific instances" involve Plaintiff Pearson.  Second, there is no specific identification of the copyrighted works and trademarks that are the subject of the allegations.  Third, other than the assertion that Defendants E. Rivadeneyra and or Therese Hoddy acquired textbooks that were ultimately sold (by other parties) into the United States there is no specific allegation as to how copyrights or trademarks were infringed upon.[21]

To the extent that Plaintiffs attempt to rely on other general allegations contained in their Amended Complaint, at no point do those allegations reference any dates.  Instead, paragraph 56 ambiguously describes the infringing conduct as "beginning on an unknown date and continuing, at least, into 2012 . . .."  *See Calloway v. Marvel Entertainment Group*, 1983 U.S. Dist. LEXIS 15688, 1983 WL 1141 (S.D.N.Y. July 5, 1983) (concluding that a federal copyright claim must be dismissed if the "complaint fails to specify the dates on which the alleged infringement(s) occurred.").

Count One of the Amended Complaint pertaining to alleged copyright infringement should therefore be dismissed as to the two Moving Defendants the claim is

---

[20] ¶ 40 of the Amended Complaint is part of the "Defendants' Fraud Against Plaintiff" section.

[21] The assertion that textbooks sold by Plaintiffs to Defendants were allegedly distributed into other territories without Plaintiffs' permission, if anything, sounds as if Plaintiffs are attempting to recast a potential breach of contract claim as copyright infringement.

asserted against, E. Rivadeneyra and Therese Hoddy, for failure to state a claim upon which relief can be granted.

### III. All Claims Based On Alleged "Counterfeiting" Should Be Dismissed Because They Sound In Fraud And Are Subject To Rule 9, Or Because They Are Insufficiently Pled Under The Standard *Twombly* Analysis

Notwithstanding the basis for dismissal of the copyright infringement claim (Count One) as a result of failing to plead the alleged infringement with the specificity required by our courts, <u>all</u> of the claims made against the Counterfeiting Defendants (which include Moving Defendants E. Rivadeneyra and Therese Hoddy) should be dismissed because the claims sound in fraud and therefore are subject to Rule 9 or, in the alternative, because they fall far short of the basic pleading standards set forth in *Twombly* and *Iqbal*.

The vast majority of the allegations stated in the Amended Complaint appear to pertain to Plaintiffs' complaint that defendants are involved in reselling textbooks that "undercuts Plaintiff's legitimate sales in the United States . . .."   Only at paragraph 44 of the Amended Complaint do Plaintiffs begin to attempt to state a basis for their claim that the defendants are engaged in counterfeiting.  There, Plaintiffs blanketly assert that the Counterfeiting Defendants[22] "purchased, sold, and/or distributed counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter 'Pirated Books')."  In the remaining eight paragraphs of the "Importation and Sale of Counterfeit Books" section[23] only conclusory legal assertions are made, with the exception of paragraph 51 in which Plaintiffs identify Sterling Corporation as a distributor who has purchased the

---

[22] "Counterfeiting Defendants" are defined as E. Rivadeneyra, Therese Hoddy as well as two other named defendants, Cardenas and Sergio Rivadeneyra.
[23] ¶¶ 45-52

purported Pirated Books. Notably, Plaintiffs do not identify what Sterling Corporation purchased, from whom they purchased, when they purchased and how they purchased. Furthermore, at all times, the Plaintiffs simply attribute actions to the "Counterfeit Defendants" as opposed to stating the alleged involvement of each defendant. Similarly, the allegations are made universally as to the four Plaintiffs.

Following the "Importation and Sale of Counterfeit Books" section, Plaintiffs improperly plead seven claims for relief against the Counterfeiting Defendants in "shotgun" pleading fashion, solely by stating legal elements for the alleged causes of action. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1517-1518 (11th Cir. 1991) (criticizing plaintiff's complaint as an impermissible "shotgun" pleading that improperly required the defendant and court to "sift through the facts presented and decide for themselves which were material to the particular cause of action asserted."). Thus, again, Plaintiffs have improperly lumped defendants, plaintiffs, and vague and conclusory allegations in connection with their claim that the Counterfeiting Defendants are involved in counterfeiting activities.

Even if Rule 9 is inapplicable to these counts[24], the Amended Complaint fails under the standards for Rule 8(a)(2) as set by the United States Supreme Court,

---

[24] Although the Amended Complaint states that Counts One through Seven are against the Counterfeiting Defendants and that the fraud claim is asserted against the Rivadeneyra Defendants, the pleading read as a whole suggests that Plaintiffs are improperly attempting to use some unspecified fraudulent conduct as a partial basis for all claims. *See Gray v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 48181, at *5-6 (D.N.J. 2009) ("[A] plaintiff cannot escape Rule 9(b) by alleging claims that do not traditionally involve fraud; rather the test is whether the particular claim alleged in this matter sounds in fraud. If so, the pleading is subject to Rule 9(b).") *See, also, Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 160 (3d Cir. 2004) (claims dismissed where it was determined that a "core theory of fraud permeates the entire [Complaint] and underlies all of Plaintiffs' claims.").

considering that Plaintiffs assert a host of fact-sensitive statutory claims[25] with little or no factual allegations.  The defendants, and the Court, are left to resolve critical questions: what was counterfeited by which of the Counterfeiting Defendants and in what manner.

In summary, the facts pled do not "show a plausible claim for relief" (*Iqbal*, 129 S. Ct. at 1950), nor does the Amended Complaint provide fair notice and the grounds for relief against each of the defendants.  *Twombly*, 550 U.S. at 555.  Accordingly, Counts One through Seven of the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and Rule 8(a)(2).

---

[25] Copyright Infringement under 17 U.S.C. §§ 101 *et seq.*; Infringement of Federally-Registered Trademarks under 15 U.S.C. § 1114; Trademark Counterfeiting under 15 U.S.C. § 1114(1)(a); Trafficking in Counterfeit Documentation or Labels under 18 U.S.C. § 2318; Illegal Importation of Goods Bearing Infringing United States Trademarks or Names under 15 U.S.C. § 1124 and 19 U.S.C. § 1526; Trademark Dilution in Violation of 15 U.S.C. § 1125(c); and Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a).

## CONCLUSION

For all of the foregoing reasons, pursuant to Rule 12(b)(6) the Moving Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed in its entirety.   In the alternative, Moving Defendants request that Count Eight (Fraud) and or Count One (Copyright Infringement) be dismissed.

**GOLDBERG SEGALLA LLP**
Attorneys for Defendants Eduardo
Rivadeneyra, Therese Hoddy,
Thomas Hoddy, Inter-Express
Forwarding, Inc., Academic Express,
Quality Books, and Phoenix IE, Inc.


_____/s/ *Thomas J. O'Grady*_____
Thomas J. O'Grady

Dated: