UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN WILEY & SONS, INC., THE McGRAW-HILL COMPANIES, INC., PEARSON EDUCATION, INC., and CENGAGE LEARNING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>EDUARDO RIVANDENEYRA; THERESE HODDY; THOMAS HODDY; SALLY WHITE-RIVANDENEYRA-CARDENAS; SERGIO RIVANDENEYRA; MARIO FIGALLO RIVANDENEYRA; INVERSIONES LINARIAS; FIRST CLASS CLUB, SAC; INTER-EXPRESS FORWARDING, INC.; AMERITEXT; LIBRO TEXTO; PHOENIX IE, INC.; ACADEMIC EXPRESS; SINCLAIR BARGAIN BOOKS; QUALITY BOOKS; S&S RESOURCES; and DOES 1-10,<br><br>Defendants. | Civil Action No. 2:13-cv-01085-FSH<br><br>**MOTION TO DISMISS RETURNABLE SEPTEMBER 3, 2013** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AMERITEXT, LIBRO TEXTO AND INVERSIONES LINARIAS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Thomas J. O'Grady
GOLDBERG SEGALLA LLP
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
(609) 986-1300

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS .................................................................................................. 1

LEGAL ARGUMENT ......................................................................................................... 2

CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

## CASES

*Grand Entm't Group v. Star Media Sales*, 988 F2d 476 (3d Cir. 1993)......................2

*Reddy v. Medquist, Inc.*, WL 2413673 (D.N.J. Aug. 4, 2009)...............................2

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 9(b).................................................................................2

Fed. R. Civ. P. 12(b)(5) .......................................................................3, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................1, 4

Defendants, Ameritext, Libro Texto, and Inversiones Linarias (jointly referenced as the "Moving Defendants") file this memorandum of law in support of their Motion to Dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and, additionally, as to Inversiones Linarias, for insufficient service of process.

## STATEMENT OF FACTS

The factual background of this action and the facts pertinent to the Moving Defendants motion to dismiss for failure to state a claim are set forth in detail in the pending motion to dismiss filed by defendants Eduardo Rivadeneyra, Therese Hoddy, Thomas Hoddy, Inter-Express Forwarding, Inc., Academic Express, Quality Books, and Phoenix IE, Inc. (*See* Docket Entry # 24). With regard to the motion to dismiss for failure to state a claim, Moving Defendants specifically incorporate those facts herein.

"Service" of Inversiones Linarias

Plaintiffs' Amended Complaint states that Inversiones Linarias is a business organized under the laws of Peru.

On or about June 29, 2013, a Summons and Amended Complaint directed to Inversiones Linarias were delivered to Defendant Therese Hoddy at her residence in Florida. Inversiones Linarias SAC is a Peruvian partnership in which Therese Hoddy once had an ownership interest. Since May 2012 Ms. Hoddy has not had an ownership interest or position in Inversiones Linarias SAC. To her knowledge, there is a Peruvian business now known as Inversiones Linaria EIRL, to which she has no affiliation. (*See* Declaration of Therese Hoddy.)

## LEGAL ARGUMENT

### I. Plaintiffs' Fraud Claim Should Be Dismissed For Failure To Plead Fraudulent Conduct With The Specificity Required By Rule 9(b)

The only claim stated against the Moving Defendants (also identified in the Amended Complaint as the "Rivadeneyra Defendants") is Count Eight, based on alleged fraud.

Moving Defendants hereby incorporate the legal argument set forth in Docket Entry # 24.

### II. The Purported Service of Process on Inversiones Linarias Is Insufficient

Notwithstanding that the claim should be dismissed against Defendant Inversiones Linarias under Rule 9(b), it should also be dismissed because plaintiffs have not served Inversiones Linarias.

The plaintiffs have the burden to prove that its attempt to serve the defendant identified as Inversiones Linarias was proper. *See e.g., Reddy v. Medquist, Inc.*, WL 2413673, at *2 (D.N.J. Aug. 4, 2009) ("Where there is a question as to the validity of service, the burden of proof lies on 'the party asserting the validity of service." (quoting *Grand Entm't Group v. Star Media Sales*, 988 F2d 476, 488 (3d Cir. 1993). This Court may, *sua sponte*, raise the issue of improper service of process. *Id.*

As emphasized above, this Court "cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure." *Id.*

In this matter, since May 2012 Therese Hoddy has held no ownership interest in Inversiones Linarias, nor is she an agent of Inversiones Linarias, a business organized under the laws of Peru. (*See* Declaration of Therese Hoddy.)

In summary, there is no basis for plaintiffs to assert that they have effectively served "Inversiones Linarias" by delivering a Summons and Amended Complaint to Therese Hoddy, and the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

For all of the foregoing reasons, pursuant to Rule 12(b)(5) and (6) the Moving Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed.

                                      **GOLDBERG SEGALLA LLP**
                                      Attorneys for Defendants Ameritext,
                                      Libro Texto, and Inversiones
                                      Linarias

                                      ___/s/ *Thomas J. O'Grady*___
                                          Thomas J. O'Grady

Dated: August 4, 2013

4